UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA HOWARD,<br><br>Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY COUNSEL, et al.,<br><br>Defendants. | Case No.: 18cv1183-MMA (JMA)<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>[Doc. No. 2]<br><br>**DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B);**<br><br>[Doc. No. 1]<br><br>**AND DENYING MOTION TO APPOINT COUNSEL**<br><br>[Doc. No. 3] |

Plaintiff Virginia Howard ("Plaintiff"), proceeding *pro se*, has filed the instant action against Defendants San Diego County Counsel and San Diego County Recorder/Assessor's Office.[1] *See* Complaint. Plaintiff simultaneously filed motions to proceed *in forma pauperis* ("IFP") and for appointment of counsel. *See* Doc. Nos. 2, 3.

/ / /

---

[1] The Court notes that the sole proper defendant in this action is the County of San Diego ("County").

## BACKGROUND

Plaintiff "was a previous owner of the Real Property 6210 Amesbury Street San Diego California 92114[.]" Complaint at 2.[2] Plaintiff was involved in a "civil suit" relating to this property with her three siblings (Case Number 37-2008-00066253-CU-OR-EC). *Id.* Plaintiff indicates she has a claim against the County because the San Diego County Assessor/Recorder's Office failed to record Plaintiff's "Notice of Pending Action (Lis Pendens)[.]" *Id.* The County "fail[ed] to record or omitted the Plaintiffs [sic] Lis Pendens (Notice of pending action), both Liens, and Homestead) in [its] Index." *Id.* at 3. The County's alleged failure to record "vital information" caused the real property located at 6210 Amesbury Street "to be sold before Plaintiff could be compensated for the Lien." *Id.* Plaintiff contends that both "Lis Penden and both Lien issues were raised in the Plaintiff [sic] Claim to the San Diego County Claims Division." *Id.*

Plaintiff contends that "[t]his action is brought to secure relief as a real property owner, pro per, pro se, self represented LITIGATES [sic] under 42 USC 1983 from the longstanding discrimination in provision of municipal services and local government entities." *Id.* at 4. Plaintiff further contends that her Fifth Amendment rights have been violated under 42 U.S.C. § 1983, asserting "[p]rivate property cannot be taken for public use Inverse condemnation" and "[r]eal property cannot be sold without just Compensation[.]" *Id.* at 5. Due to the County's failure to record information in its index, Plaintiff has "been deprived interest due, compensation because the real property was taken for public use, rights to hold real property, loss of use of real property" and "loss of monies for repairs of real property while owner under 42 USC 1983." *Id.* at 7. Plaintiff seeks money damages in the amount of approximately $1,190,331.00 (*Id.*) and "other reliefs suitable by this Court and to Compromise without long court hearing" (*Id.* at 4).

/ / /

/ / /

---

[2] Citations to the Complaint refer to the pagination assigned by the CM/ECF system.

## MOTION FOR LEAVE TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

A party need not be completely destitute to proceed *in forma pauperis*. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). But "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

Here, Plaintiff submits an affidavit which indicates that her average monthly income from employment during the last twelve months is $144.00. *See* Doc. No. 2 at 1. Plaintiff reports that she receives approximately $972.00 per month in retirement funds. *See id.* at 2. Plaintiff indicates that she currently owns no real property, but owns a 2015 Kia Soul. *See id.* at 3. Plaintiff reports, however, that her monthly expenses total $1,828.00. *See id.* at 5. The Court finds that the IFP application sufficiently indicates that Plaintiff's montly expenses exceed her income, and that she cannot afford to pay the filing fee. Accordingly, the Court **GRANTS** Plaintiff's motion for leave to proceed IFP.

## MOTION TO APPOINT COUNSEL

Plaintiff also requests that the Court appoint her counsel due to her indigence, lack of legal training, and her inability to obtain counsel on her own (which she refers to as "[d]iscrimination against a self-represented citizen of this state"). *See* Doc. No. 3 at 3.

All documents filed *pro se* are liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings

drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotations omitted)). But there is no constitutional right to counsel in a civil case, and Plaintiff's Complaint does not demand that the Court exercise its limited discretion to request that an attorney represent her pro bono pursuant to 28 U.S.C. § 1915(e)(1) at this stage of the case. *See Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981); *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Only "exceptional circumstances" support such a discretionary appointment. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *see also Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Exceptional circumstances exist where there is a showing of both a likelihood of success on the merits and a demonstrated inability of *the pro se* litigant to articulate her claims in light of their legal complexity. *See Terrell*, 935 F.2d at 1017.

As currently pleaded, Plaintiff's Complaint demonstrates that while she may not be formally trained in the law, she nevertheless is fully capable of legibly articulating the facts and circumstances relevant to her claims, which are typical and not legally "complex." *Agyeman*, 390 F.3d at 1103. Moreover, for the reasons discussed below, Plaintiff has yet to show she is likely to succeed on the merits of the claim she alleges. *Id.*; *see also Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (affirming district court's denial of a motion to appoint counsel in a civil case). Therefore, the Court **DENIES** Plaintiff's motion for appointment of counsel **without prejudice**.

### SCREENING PURSUANT TO 28 U.S.C. § 1915(E)(2)(B)

When a plaintiff proceeds IFP, the complaint is subject to mandatory screening and the Court must order the *sua sponte* dismissal of any case it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

"[W]hen determining whether a complaint states a claim, a court must accept as

true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). In addition, the Court has a duty to liberally construe a *pro se* plaintiff's pleadings. *See id*. In giving liberal interpretation to a *pro se* complaint, however, the court may not "supply essential elements of claims that were not initially pled." *See Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of the plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); *see also Paulsen v. CNF, Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009). A complaint should be dismissed for failure to state a claim if, taking all well-pleaded factual allegations as true, it does not contain "enough facts to state a claim to relief that is plausible on its face." *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (citation omitted).

The Court is not only allowed to, but is required to screen IFP complaints. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000); *Ogunniyi v. Sw. Reg'l Maint. Ctr.*, No. 14CV2904 BEN (NLS), 2015 WL 10857499, at *1 (S.D. Cal. Apr. 30, 2015) ("The *sua sponte* screening is mandatory."). "A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6). . . . Such dismissal may be made without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see aslo Wong v. Bell*, 642 F.2d 359, 36162 (9th Cir. 1981).

Here, because Plaintiff has named the County as the sole defendant in this action, the Court construes Plaintiff's Complaint as asserting a *Monell* claim based on purported violations of rights guaranteed by the Fourteenth and Fifth Amendments. *See* Complaint at 5-6.

Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . ., subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983.

A local governmental entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. New York Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). In order to establish liability for governmental entities under *Monell*, a plaintiff must prove: (1) that the plaintiff possessed a constitutional right of which she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997)). A single occurrence of unconstitutional action by a non-policymaking employee is insufficient to establish the existence of an actionable municipal policy or custom. *See Davis v. City of Ellensburg*, 869 F.2d 1230, 1233-34 (9th Cir. 1989). "Only if a plaintiff shows that his injury resulted from a permanent and well settled practice may liability attach for injury resulting from a local government custom." *Thompson v. City of L.A.*, 885 F.2d 1439, 1444 (9th Cir. 1989) (quotations omitted). "Where a plaintiff claims that the municipality has not directly inflicted injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable for the actions of its employee." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 405 (1997).

As currently pleaded, however, Plaintiff's Complaint is deficient because she fails to allege that she suffered a constitutional injury. *See City of L.A. v. Heller*, 475 U.S.

796, 799 (1986) (indicating that "[i]f a person has suffered no constitutional injury" at the hands of a municipal employee, there can be no liability). For example, Plaintiff appears to allege that the County's failure to record various documents violates the Equal Protection Clause of the Fourteenth Amendment. *See* Complaint at 5. "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (citing *Washington v. Davis*, 426 U.S. 229, 239-40 (1976)). Plaintiff fails to demonstrate that she is a member of a protected class, and fails to allege that County employees acted with "an intent or purpose to discriminate." *Id.*

Additionally, Plaintiff asserts that the real property located at 6210 Amesbury Street "was taken" and sold "without just Compensation" in violation of the Fifth Amendment.[3] Complaint at 6. The Supreme Court has outlined two requirements a plaintiff must meet before bringing a taking claim in federal court. *See Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172 (1985). First, "a taking of a property interest is not ripe until the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue." *Id.* at 186. Second, a taking claim is premature if the plaintiff has not sought "compensation through the procedures the State has provided for doing so." *Id.* at 194. Plaintiff does not allege any information regarding the first requirement, nor does Plaintiff allege that she sought compensation through California procedures pursuant to the second requirement. As such, Plaintiff fails to allege a constitutional injury.

Further, Plaintiff does not allege any facts which "might plausibly suggest" that she was subject to unconstitutional conduct pursuant to any municipal custom, policy, or

---

[3] The Fifth Amendment is made applicable to the states through the Fourteenth Amendment. *See Carson Harbor Village, Ltd. v. City of Carson*, 353 F.3d 824, 826 (9th Cir. 2004).

practice implemented or promulgated with deliberate indifference to her constitutional rights, or that such a policy was the "moving force" or cause of her injury—a fatal defect of her *Monell* claim. *See Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (applying *Iqbal*'s pleading standards to *Monell* claims); *see also Brown*, 520 U.S. at 404 ("[I]t is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality . . . [t]he plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged.").

Accordingly, the Court finds Plaintiff fails to state a claim upon which relief may be granted pursuant to 28 U.S.C 1915(e)(2)(B).

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's motion to proceed IFP, **DENIES** Plaintiff's motion to appoint counsel without prejudice, and **DISMISSES** Plaintiff's Complaint without prejudice. Plaintiff must file an amended complaint, if any, on or before **July 13, 2018**. Failure to file an amended complaint on or before the deadline may result in the case being dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: June 21, 2018

HON. MICHAEL M. ANELLO
United States District Judge