| | |
|---|---|
| 1 | |
| 2 | |

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VIRGINIA HOWARD,<br><br>                                Plaintiff,<br>v.<br>SAN DIEGO COUNTY COUNSEL, et al.,<br><br>                               Defendants. | Case No.: 18cv1183-MMA (JMA)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)**<br><br>[Doc. No. 5] |

Plaintiff Virginia Howard ("Plaintiff"), proceeding *pro se* and *in forma pauperis* ("IFP"), filed a Complaint against Defendants San Diego County Counsel and San Diego County Recorder/Assessor's Office on June 6, 2018. *See* Complaint. On June 21, 2018, the Court *sua sponte* dismissed Plaintiff's Complaint for failure to state a claim, but granted Plaintiff leave to file an amended complaint. *See* Doc. No. 4. On July 13, 2018, Plaintiff filed a First Amended Complaint ("FAC") pursuant to 42 U.S.C. § 1983 against "San Diego County Counsel Claims and Investigation for the San Diego County Recorder/Assessor."[1] *See* FAC at 1.[2] For the reasons set forth below, the Court

---

[1] The Court notes that the sole proper defendant in this action is the County of San Diego ("County").

[2] Citations to the FAC refer to the pagination assigned by the CM/ECF system.

**DISMISSES** Plaintiff's FAC **with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[3]

## SCREENING PURSUANT TO 28 U.S.C. § 1915(E)(2)(B)

When a plaintiff proceeds IFP, the complaint is subject to mandatory screening and the Court must order the *sua sponte* dismissal of any case it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). In addition, the Court has a duty to liberally construe a *pro se* plaintiff's pleadings. *See id*. In giving liberal interpretation to a *pro se* complaint, however, the court may not "supply essential elements of claims that were not initially pled." *See Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of the plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); *see also Paulsen v. CNF, Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009). A complaint should be dismissed for failure to state a claim if, taking all well-pleaded factual allegations as true, it does not contain "enough facts to state a claim to relief that is plausible on its face." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S. Ct.

---

[3] In the FAC, Plaintiff states that she "is now demanding that the court exercise its discretion to appointment [sic] of an attorney to represent her pro bono[.]" FAC at 2. As set forth in the Court's previous order, there is no constitutional right to counsel in a civil case, and Plaintiff's FAC does not demand that the Court exercise its limited discretion to request that an attorney represent her pro bono pursuant to 28 U.S.C. § 1915(e)(1). *See Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981); *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). As such, the Court **DENIES** Plaintiff's request for counsel.

1937, 1949 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (citation omitted).

The Court is not only allowed to, but is required to screen IFP complaints.  *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000); *Ogunniyi v. Sw. Reg'l Maint. Ctr.*, No. 14CV2904 BEN (NLS), 2015 WL 10857499, at *1 (S.D. Cal. Apr. 30, 2015) ("The *sua sponte* screening is mandatory.").  "A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6). . . . Such dismissal may be made without notice where the claimant cannot possibly win relief."  *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see aslo Wong v. Bell*, 642 F.2d 359, 36162 (9th Cir. 1981).

Here, as an initial matter, Plaintiff includes minimal factual allegations in her FAC.  Plaintiff indicates that she "admit[s] as true" the factual background "stated in [the Court's June 21, 2018] Order."  Doc. No. 5 at 2.  Civil Local Rule 15.1, however, requires that an amended complaint "be complete in itself without reference to the superseded pleading."  S.D. Cal. CivLR 15.1.a.  Moreover, an "amended complaint supersedes the original, the latter being treated thereafter as non-existent."  *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011) (quoting *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997)).  Thus, the Court "is limited to the allegations of Plaintiff's FAC and may only consider the FAC, without reference to [her] previously dismissed Complaint, because a pleading must be complete in itself."  *Rojas-Vega v. Cejka*, No. 9-CV-2489-BEN (BLM), 2011 WL 720073, at *1 (S.D. Cal. Feb. 22, 2011) (citing S.D. Cal. CivLR 15.1).

In the FAC, Plaintiff claims that "[d]ue to the defendant[']s failure to train their employees on how to record in their Index, lis Pendens, Declaration of Homestead and Mechanic liens . . . [t]he plaintiff has suffered real properly loss [and] loss of use of real property and other injuries[.]"  FAC at 5.  Moreover, Plaintiff alleges the County failed to record the "Lis Pendens in their Index;" thus, the County is "liable for Plaintiff [sic] loss

of real property" located at 6210 Amesbury Street, San Diego, California, 92114. *Id.* at 6. "Due to the defendant['s] failure to follow policy customs regarding recording this is the direct cause of Plaintiff ['s] injuries and losses she is asking for MONEY DAMAGES." *Id.* at 7. Finally, Plaintiff asserts "Defendant has violated Plaintiff [sic] privileges, secured by the Constitution statue [sic] and other federal laws[.]" *Id.* Such allegations, without more, do not meet the requirements of Federal Rule of Civil Procedure 8(a)(2). *See* Fed. R. Civ. P. 8(a)(2) (noting that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). Plaintiff claims that she is likely to succeed on the merits of her claim, and "has proven this with facts in [the] amended and original Complaint[.]" FAC at 2. Even if the Court were to consider the facts from Plaintiff's previously dismissed Complaint as a supplement to those alleged in the FAC, the Court finds that Plaintiff fails to allege sufficient facts to state a claim.

As noted in the Court's previous order, because Plaintiff has named the County as the sole defendant in this action, the Court construes Plaintiff's FAC as asserting a *Monell* claim based on purported violations of rights guaranteed by the Fourteenth and Fifth Amendments.[4] *See id.* at 5-8. It appears that Plaintiff's § 1983 claim is based on two theories of liability: (1) failure to train employees; and (2) the existence of a policy that resulted in injury to Plaintiff. *See id.* at 5-7.

Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . ., subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. A local governmental entity "may not be sued under § 1983 for an

---

[4] Plaintiff also mentions the Thirteenth Amendment and the Civil Rights Act of 1866, but alleges no facts in connection with either in the FAC. *See* FAC at 8. Plaintiff did not mention the Thirteenth Amendment or the Civil Rights Act of 1866 in her Complaint.

injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. New York Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A policy is "'a deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.'" *Fairley v. Luman*, 281 F.3d 913, 918 (9th Cir. 2002) (quoting *Oviatt v. Pearce*, 954 F.2d 1470, 1477 (9th Cir. 1992)). "[T]he failure to provide proper training may fairly be said to represent a policy for which the [County] is responsible, and for which the [County] may be held liable if it actually causes injury." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390 (1989).

In order to establish liability for governmental entities under *Monell*, a plaintiff must prove: (1) that the plaintiff possessed a constitutional right of which she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997)). A single occurrence of unconstitutional action by a non-policymaking employee is insufficient to establish the existence of an actionable municipal policy or custom. *See Davis v. City of Ellensburg*, 869 F.2d 1230, 1233-34 (9th Cir. 1989). "Where a plaintiff claims that the municipality has not directly inflicted injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable for the actions of its employee." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 405 (1997).

As noted in the Court's previous order, Plaintiff fails to allege that she suffered any constitutional injury. *See City of L.A. v. Heller*, 475 U.S. 796, 799 (1986) (indicating that

"[i]f a person has suffered no constitutional injury" at the hands of a municipal employee, there can be no liability) (per curiam). For example, Plaintiff claims the County failed to train its employees "on how to record in their Index," but Plaintiff fails to indicate how any such failure to record violated her Fifth or Fourteenth Amendment rights. FAC at 5. In her Complaint, Plaintiff alleged that the County's failure to record various documents violates the Equal Protection Clause of the Fourteenth Amendment. *See* Complaint at 5.[5] Plaintiff, however, does not allege that she is a member of a protected class, or that County employees acted with "an intent or purpose to discriminate." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Additionally, Plaintiff asserts that the real property located at 6210 Amesbury Street "was taken" and sold "without just Compensation" in violation of the Fifth Amendment.[6] Complaint at 6. A Fifth Amendment taking claim is subject to an exhaustion requirement. *See Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 196-97 (1985). Plaintiff does not allege that she exhausted state and local remedies. As such, Plaintiff fails to allege a constitutional injury.

Further, even if Plaintiff could allege a constitutional injury, Plaintiff does not allege any facts which "might plausibly suggest" that she was subject to unconstitutional conduct pursuant to any municipal custom, policy, or practice implemented or promulgated with deliberate indifference to her constitutional rights, or that such a policy was the "moving force" or cause of her injury. *See Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (applying *Iqbal*'s pleading standards to *Monell* claims); *see also Brown*, 520 U.S. at 404 ("[I]t is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality . . . [t]he plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the

---

[5] Citations to the Complaint refer to the pagination assigned by the CM/ECF system.

[6] The Takings Clause of the Fifth Amendment is "made applicable to the States through the Fourteenth Amendment[.]" *Dolan v. City of Tigard*, 512 U.S. 374, 383 (1994).

injury alleged."). Nor does Plaintiff allege that the County's failure to train its employees amounts to a "deliberate indifference to the rights of persons with whom the [untrained employees] come into contact." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (quoting *Canton*, 489 U.S. at 388). As such, Plaintiff's *Monell* claim fails.

Accordingly, taking Plaintiff's factual allegations as true, and construing such allegations in the light most favorable to her, Plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Eisenberg*, 593 F.3d at 1034 (quoting *Iqbal*, 129 S. Ct. at 1949). The Court noted these deficiencies in its June 21, 2018 order dismissing Plaintiff's Complaint, and gave Plaintiff leave to amend. *See* Doc. No. 4. Plaintiff failed to cure these deficiencies in her FAC. Therefore, the Court finds that Plaintiff fails to state a claim upon which relief may be granted, and also finds that any attempt to amend would be futile. *See Zucco Partners LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (noting that "where the plaintiff previously has been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the district court's discretion to deny leave to amend is particularly broad") (internal citation and quotation marks omitted).

## CONCLUSION

In light of the foregoing, the Court **DISMISSES** Plaintiff's FAC **with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is instructed to enter judgment accordingly and close the case.

**IT IS SO ORDERED.**

Dated: July 24, 2018

HON. MICHAEL M. ANELLO
United States District Judge